UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARIA DONNENWIRTH, on behalf of herself and all others similarly situated | CASE NO. |
| Plaintiff, | |
| v. | JUDGE |
| | (JURY TRIAL DEMANDED) |
| WOODY'S WING HOUSE, LLC<br>c/o Scott M. Walker<br>PO Box 2999<br>WESTERVILLE, OH 43082 | Rule 216(B) Collective Action<br>Rule 23 Class Action |
| and | |
| SCOTT WALKER<br>PO Box 2999<br>WESTERVILLE, OH 43082 | |
| and | |
| JIECHUN LIU<br>7765 WAVETREE CT.<br>COUMBUS, OH 43235 | |
| Defendants. | |

# PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT

## SUMMARY

1. The case implicates Defendants Woody's Wing House, LLC, Scott Walker, and Jiechun Liu ("Defendants" collectively) violations of the Fair Labor Standards Act's ("FLSA") tip credit and subsequent underpayment of their employees at the federally mandated minimum wage rate and violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Revised Code ("O.R.C.") § 4111.01, *et seq*. for Defendants' failure to pay Plaintiff all earned minimum wages.

1

2. Defendants pay their tipped employees, including servers, below the minimum wage rate by taking advantage of the tip-credit provisions of the FLSA and, in Ohio, the OMFWSA. Under the tip-credit provisions, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum wage rate by taking a "tip credit" against the employer's minimum wage obligations from the tips received from customers.

3. However, there are strict requirements for an employer to utilize the "tip credit." *See* 29 U.S.C. 203(m). An employer must advise an employee in advance of its use of the tip credit pursuant to the provisions of section 3(m) of the FLSA. *See id*. stating (the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection."). That is, the employer must inform the employee: (1) the amount of the cash wage that is to be paid to the tipped employee; (2) the amount by which the wages of the tipped employee are increased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool; and (4) that the tip credit shall not apply to any employee who does not receive the notice.

4. Further, it is illegal for employers to require tipped employees to give up a portion of their tips to their employer or to ineligible employees, such as management staff. *See Myers v. Copper Cellar Corp*., 192 F.3d 546, 551 (6th Cir. 1999) (for "the work shifts in which salad mixers were included within the tip pool, the pooling scheme was illegal..."); *Portales v. MBA Inv. Co., LLC,* No. 3:13CV00001, 2014 WL 5795206, at *3 (N.D. Ohio Oct. 16, 2014)("When an employer includes a non-customarily tipped employee or another employer in a mandatory tip pool, the pool is invalid under FLSA." (citing 29 U.S.C. § 203)); *Bernal v. Vankar Enter., Inc*., 579 F. Supp. 2d 804, 810 (W.D. Tex. 2008) (employer not permitted to take the FLSA tip credit when it required waiters to pay for shortages and unpaid tabs).

5. Additionally, an employer must pay the minimum statutory hourly rate ($2.13 per hour under the FLSA and 50% of the Ohio minimum wage rate). *See* 29 U.S.C. 203(m).

6. Moreover, an employer cannot pay below the minimum wage to tipped employees and require those tipped employees to perform non-tipped work that is unrelated to the tipped occupation. *See Osman v. Grube, Inc.,* No. 16-CV-802, 2017 WL 2908864, at *4 (N.D. Ohio July 7, 2017)(employer may not take a tip credit for the time that a tipped employee spends on work that is not related to the tipped occupation); *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties…such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work.").

7. Finally, an employer cannot require its tipped employees to perform non-tipped work that is related to the employees' tipped occupation but exceeds 20 percent of the employees' time worked during a workweek. *See Harrison v. Rockne's Inc.,* 274 F. Supp. 3d 706, 713 (N.D. Ohio 2017)(Plaintiffs sufficiently alleged a claim when "they alleged that they were required to perform non-tipped related duties more than 20% of their regular work.")*; Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time.").

8. Defendants' violated the FLSA and OMFWSA in the following respects:

   a. **Violation for failure to inform:** Defendants failed to correctly inform Plaintiff of the desire to rely on the tip credit to meet its minimum wage obligations. In fact, Defendants failed to inform Plaintiff of the following: (1) the amount of the cash wage that is to be paid to the tipped employee; (2) the amount by which the wages of the tipped employee are increased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee except for tips

3

contributed to a valid tip pool; and (4) that the tip credit shall not apply to any employee who does not receive the notice.

b. **Violation for performing work unrelated to tipped occupation:** Plaintiff was required to perform improper types, and excessive amounts, of non-tipped work, including, but not limited to, mopping floors, cleaning windows, taking trash out, cleaning ledges, dusting fans, washing trays, and washing appliances.

c. **Violation for performing non-tipped side work in excess of 20% of the time spent working in the week**: Plaintiff was required to perform greater than 20% of her time in performing non-tip producing side work, including, but not limited to, general cleaning of the restaurant, cleaning tables, rolling silverware, refilling condiments, setting up tables, sweeping floors, and cleaning and stocking the serving line.

9. As a result of these violations, Defendants have lost the ability to use the tip credit and therefore must compensate Plaintiff at the full minimum wage rate, unencumbered by the tip credit, and for all hours worked. In other words, Defendants must account for the difference between the wages paid to Plaintiff and the minimum wage rate.

## SUBJECT MATTER JURISDICTION AND VENUE

10. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et. seq*. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged.

## PARTIES AND PERSONAL JURISDICTION

12. Plaintiff Maria Donnenwirth is an individual residing in Ohio. Her written consent to this action is attached hereto as Exhibit "A."

13. Defendant Woody's Wing House, LLC is a for-profit corporation, organized and existing under the laws of the state of Ohio.

14. The FLSA Class Members are all current and former waitstaff employed by Defendants for at least one week during the three year period prior to the filing of this action to the present.

15. The Ohio Class Members are all current and former waitstaff employed by Defendants in Ohio for at least one week during the three year period prior to the filing of this action to the present.

16. The FLSA Class Members and the Ohio Class Members shall be collectively referred to as the "Class Members."

17. Defendant Scott Walker is a resident of Ohio and a managing member of Woody's Wing House, LLC. Defendant Walker has control over the day-to-day business operations of the corporate Defendant Woody's Wing House. Among other things, Defendant Walker has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on each corporation's checking accounts, including payroll accounts, and the authority to participate in decisions regarding employee compensation and capital expenditures. Defendant Walker controls the "purse strings" of Woody's Wing House. He has authority to sign the corporate checks without limitation as to amount; provides funds to purchase goods, as well as pay employees; and has authority to sign on the checking accounts from which Plaintiff was paid.

18. Defendant Jiechun Liu, is a resident of Ohio and a managing member of Woody's Wing House, LLC. Defendant Liu has control over the day-to-day business operations of the corporate Defendant Woody's Wing House. Among other things, Defendant Liu has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on each corporation's checking accounts, including payroll accounts, and the authority to participate in decisions regarding employee compensation and capital expenditures. Defendant Liu controls the "purse strings" of Woody's Wing House. He has authority to sign the corporate checks

without limitation as to amount; provides funds to purchase goods, as well as pay employees; and has authority to sign on the checking accounts from which Plaintiff was paid.

19. Defendants at all times relevant to this action have had sufficient minimum contacts with the State of Ohio to confer personal jurisdiction. Defendants conduct business throughout Ohio. Furthermore, Defendants contracted with and employed Ohio residents, have Ohio customers, market to residents of Ohio, and own property in Ohio.

## COVERAGE

20. At all material times, Defendants have been employers within the meaning of the FLSA. 29 U.S.C. § 203(d).

21. At all material times, Defendant have been enterprises in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

22. At all material times, Defendants have enjoyed yearly gross revenue in excess of $500,000.

23. At all material times, Plaintiff was an employee engaged in the commerce or the production of goods for commerce.

24. At all material times, Defendants have operated as a "single enterprise" within the meaning of 29 U.S.C. § 203(r)(1). That is Defendants perform related activities through unified operation and common control for a common business purpose.

25. At all material times, Defendants have been an employer within the meaning of the OMFWSA. O.R.C. § 4111.03(D)(2).

26. At all material times, Plaintiff was an employee of Defendants within the meaning of the OMFWSA, O.R.C. § 4111.03(D)(3).

## FACTS

27. Plaintiff worked as a waitress for Defendants from around late December 2018 to around late February, 2019 in Columbus, Ohio.

28. Defendants paid Plaintiff, the FLSA Class Members, and the Ohio Class Members at an hourly rate below the Federal and Ohio minimum wage rates and attempted to use the tip credit to meet their minimum wage obligation to Plaintiff.

29. However, Defendants did not satisfy the strict requirements to use the tip credit. Defendants maintained a policy and practice whereby they failed to provide Plaintiff and the Class Members, with the statutorily required notice regarding (1) the amount of the cash wage that is to be paid to the tipped employee, (2) the amount by which the wages of the tipped employee are increased on account of the tip credit, (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool, and (4) that the tip credit shall not apply to any employee who does not receive the notice.

30. Defendants also maintained a policy and practice whereby tipped employees were required to perform non-tip producing side work unrelated to the employees' tipped occupation. As a result, Plaintiff and the Class Members were engaged in a dual occupation while being compensated at the tip credit rate. While performing these non-tip generating duties, she did not interact with customers and could not earn tips.

31. These duties include but are not limited to the following: mopping the floor, cleaning the kitchen, cleaning ledges, wiping windows, taking out trash, and washing appliances, amongst other activities, that were not related to her tipped duties.

32. Defendants also maintained a policy and practice whereby tipped employees were required to spend a substantial amount of time, in excess of 20 percent, performing non-tip producing side work related to the employees' tipped occupation.

33. Specifically, Defendants maintained a policy and practice whereby tipped employees, including Plaintiff, were required to spend a substantial amount of time performing non-tip producing side work, including, but not limited to cleaning tables, rolling silverware, refilling condiments, setting up tables, sweeping floors, and cleaning and stocking the serving line.

34. Further, Defendants required Plaintiff and the Class Members to perform non-tipped side work at the start and end of every shift. This included times before the restaurant opened and after the restaurant closed and customers had left. Indeed, when the restaurant was closed Plaintiff had no opportunity to earn tips because customers were not there. At times, they spent 30 minutes to two hours performing work before the restaurant was open and the same amount of time after the restaurant was closed performing non-tipped producing work.

35. However, Defendants did not pay their tipped employees the full minimum wage rate for this work. The duties that Defendants required Plaintiff and the Class Members to perform were duties that are customarily assigned to "back-of-the-house" employees in other restaurants, who typically receive at least the full minimum wage rate.

36. When the tipped employees performed these non-tipped duties, they usually did not interact with customers and did not have an opportunity to earn tips.

37. Indeed, Defendants did not have a policy prohibiting tipped employees from performing certain types, or excessive amounts, of non-tipped work.

38. Further, Defendants did not track or record the amount of time tipped employees spent performing non-tipped work, even though Defendants were capable of doing so. Defendants' timekeeping system was capable of tracking multiple job codes for different work assignments but Defendants failed to track to the specific tasks for Plaintiff.

39. Defendants' timekeeping system was capable of tracking multiple job codes for different work assignments but Defendants failed to track to the specific tasks for Plaintiff.

40. In the timekeeping system, Defendants can create different "clock in" codes that would allow tipped employees to record their time at the full minimum wage when performing non-tipped work.

41. However, Defendants did not allow the tipped employees to clock in at the full minimum wage rate when performing non-tipped work described in this Complaint.

42. Defendants further violated the FLSA and OMFWSA by enforcing a policy and practice of requiring tipped employees, including Plaintiff, to reimburse the restaurant from their tips when customers walked out without paying their bills, when the amount paid by a customer does not fully pay for a bill, or when there were errors in customer orders.

43. Because Defendants violated the requirements to claim the tip credit, Defendants lost the right to take a credit toward their minimum wage obligation to Plaintiff.

44. As such, Plaintiff was not compensated at the Federally mandated minimum wage and Ohio minimum wage.

45. Defendants know or should have known that their policies and practices violated the law, and Defendants have not made a good faith effort to comply with the FLSA. Rather, Defendants knowingly, willfully, and/or with reckless disregard of the law carried and continue to carry out their illegal pattern and practice regarding their tipped employees. Defendants' method of paying Plaintiff was not based on a good faith and reasonable belief that its conduct complied with the law.

46. Defendants may claim that they have complied with the law based upon the Department of Labor opinion letter FLSA2018-27 issued on November 8, 2018. However, Courts

that have considered this opinion letter have held that the opinion letter is not entitled to any deference. *See Callaway v. DenOne, LLC*, No. Civ. A. 1:18-cv-1981, 2019 WL 1090346 (N.D. Ohio Mar. 8, 2019); *Cope v. Let's Eat Out, Inc.*, 354 F. Supp. 3d 976 (W.D. Miss. 2019); *Spencer v. Macado's, Inc.*, No. Civ. A. 6:18-cv-00005, 2019 WL 2931304 (W.D. Virg. July 8. 2019); *Belt v. P.F. Chang's China Bistro, Inc.,* No. Civ. A. 1:18-3831, (N.D. Penn. Aug.15, 2019).

47. Additionally, Defendants illegally took a tip credit for time spent performing tasks not contained in the O*NET Task list, including but not limited to, the time spent by Plaintiff cleaning the kitchen, cleaning ledges, washing windows, and washing appliances.

48. Defendants illegally required Plaintiff and the Class Members to perform side work that was not contemporaneous with her duties involving direct service to customers or for a reasonable time immediately before or after performing such direct-service duties. That is because Defendants required Plaintiff and the Class Members to perform non-tipped work 30 minutes to two hours before the restaurant was open or after the restaurant was closed and when the restaurant was not open to customers. During this time, Defendants paid below the minimum wage rate.

49. Finally, Defendants did not pay Plaintiff at all for her final week of work.

## **COLLECTIVE ACTION ALLEGATIONS**

50. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as waitstaff, including waiters, servers, and those in substantially similar positions, for at least one week during the three year period prior to the commencement of this action to the present.

51. Plaintiff has actual knowledge, through conversations with her co-workers that a class of similarly situated workers exists who have been subjected to the same policies of Defendants with respect to the payment of the minimum wage.

52. The FLSA Class Members are similarly situated to Plaintiff in that they share the same duties and were subject to the same violations of the FLSA.

53. Like Plaintiff, the FLSA Class Members were not given proper notice of the tip credit provisions and performed substantial work that was unrelated to their tip producing duties.

54. As a result of Defendants' wage policies, the FLSA Class Members' compensation dropped below the minimum wage in violation of the FLSA.

55. The names and addresses of the FLSA Class Members of the collective action are available from Defendants' records. To the extent required by law, notice will be provided to these individuals by first class mail, electronic mail, text message, or by the use of techniques and a form of notice similar to those customarily used in representative actions.

56. Although the exact amount of damages may vary among the FLSA Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

57. As such, the class of similarly situated Class Members is properly defined as follows:

> **All persons who were or are employed by Defendants as waitstaff, including waiters, servers, and those in substantially similar positions, for at least one week during the three year period prior to the commencement of this action until the date of entry of final judgment of this matter.**

## OHIO CLASS ALLEGATIONS

58. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Ohio Class Members which is comprised of the following:

> **All persons who were or are employed by Defendants as waitstaff, including waiters, servers, and those in substantially similar positions, for at least one week during the three year period prior to the commencement of this action until the date of final judgment of this matter.**

59. _Numerosity_. The number of members in the Ohio Class is believed to exceed forty. This volume makes bringing the claims of each individual member of the Ohio Class before this Court impracticable. Likewise, joining each individual member of the Ohio Class as a plaintiff in this action is impracticable. Furthermore, the identity of the members of the Ohio Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Ohio Class and Defendant.

60. _Typicality_. Plaintiff's claims are typical of the Ohio Class because like the members of the Ohio Class, Plaintiff was subject to Defendant's policies and practices and was compensated in the same manner as others in the Ohio Class. Plaintiff and the Ohio Class have been uncompensated and/or under-compensated as a result of Defendant's common policies and practices which failed to comply with Ohio law. As such, Plaintiff's claims are typical of the claims of the Ohio Class. Plaintiff and all members of the Ohio Class sustained damages arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein.

61. _Adequacy_. Plaintiff is a representative party who will fairly and adequately protect the interests of the Ohio Class because it is in her interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under Ohio law. Plaintiff has retained counsel who is competent in both class actions and wage and hour litigation. Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the Ohio Class she seeks to represent.

62. _Commonality_. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

a. Whether Defendants properly informed Plaintiff and the Ohio Class Members of the intent to claim the tip credit;

b. Whether more than 20% of the work performed by Plaintiff and the Ohio Class Members was non-tip generating work;

63. The common issues of law include, but are not limited to;

a. Whether Defendants can claim the "tip credit";

b. Whether Defendants violated the Ohio Minimum Wage Fair Standards Act;

c. Whether Plaintiff and the Ohio Class are entitled to compensatory damages;

d. The proper measure of damages sustained by Plaintiff and the Ohio Class Members; and

e. Whether Defendants' actions were "willful."

64. <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the Ohio Class could afford to pursue individual litigation against a company the size of Defendants, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Ohio Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

65. A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Ohio Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. Notice of the

pendency and any resolution of this action can be provided to the Ohio Class by mail, electronic mail, text message, print, broadcast, internet and/or multimedia publication. The identity of members of the Ohio Class is readily identifiable from Defendants' records.

66. This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; and (2) the burden is on Defendants to prove it properly compensated its employees including any potential exemptions that might apply. Ultimately, a class action is a superior form to resolve the Ohio claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiff and the Ohio Class Members per applicable Ohio laws.

## **CAUSES OF ACTION**

### COUNT I
### VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARD ACT
### FAILURE TO PAY THE MINIMUM WAGE

67. Plaintiff incorporates the preceding paragraphs by reference.

68. This count arises from Defendants' violation of the OMFWSA failure to pay minimum wages to Plaintiff and the Ohio Class Members.

69. During her employment with Defendants, Plaintiff and the Ohio Class Members were not exempt from the minimum wage provisions of the OMFWSA.

70. Defendants paid Plaintiff and the Ohio Class Members below the minimum wage rate in Ohio, in violation of O.R.C. § 4111.02.

### COUNT II
### VIOLATION OF THE FAIR LABOR STANDARDS
### FAILURE TO PAY THE MINIMUM WAGE

71. Plaintiff incorporates the preceding paragraphs by reference.

72. This count arises from Defendants' violation of the FLSA in connection with their failure to pay the minimum wages. *See* 29 U.S.C. § 206.

73. Plaintiff and the FLSA Class Members were paid an hourly rate less than the minimum wage while working for Defendants.

74. Plaintiff and the FLSA Class Members were not exempt from the minimum wage requirements of the FLSA.

75. Defendants' failure to comply with the minimum wage requirements of the FLSA, and, in particular, the tip credit requirements, resulted in Plaintiff and the FLSA Class Members being paid less than the Federal minimum wage rate. Defendants' violation of the FLSA was willful.

76. Defendants' practice of failing to inform its employees of its intent to rely on the tip credit to meets its minimum wage obligations violates the FLSA.

77. Defendants' failure to pay the minimum wage to Plaintiff and the FLSA Class Members, in violation of the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

## **WAGE DAMAGES SOUGHT**

78. Plaintiff and the FLSA Class Members are entitled to receive the difference between the Federal minimum wage of $7.25 an hour and the tip credit adjusted minimum wage for each hour she worked.

79. Plaintiff and the Ohio Class Members are entitled to receive the difference between the Ohio minimum wage rate and the tip credit adjusted minimum wage for each hour they worked.

80. Plaintiff and the Class Members are entitled to liquidated damages.

81. Plaintiff and the Class Members are also entitled to recover her attorney's fees and costs, as required by the FLSA and Ohio law.

## JURY DEMAND

82. Pursuant to her rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

83. For these reasons, Plaintiff respectfully requests that judgment be entered in her favor awarding her and the Class Members:

   a. Minimum wage compensation unadulterated by the tip credit;

   b. Liquidated damages;

   c. All misappropriated funds including all tips, expenses, and wages wrongfully withheld;

   d. An order requiring Defendants to correct their pay practices going forward;

   e. Reasonable attorney's fees, costs, and expenses of this action;

   f. Pre and post judgment interest; and

   g. Such other and further relief to which Plaintiff and the Class Members may be entitled, both in law and in equity.

Respectfully submitted,

/s/ Michael L. Fradin
Michael L. Fradin 0091739
Law Office of Michael L. Fradin
8401 Crawford Avenue, Suite 104
Skokie, Illinois 60076
Phone: 847-644-3425
Facsimile: 847-673-1228
mike@fradinlaw.com

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

                                                     /s/ Michael L. Fradin
                                                    One of the Attorneys for Plaintiff